**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

OSCAR ARMANDO VILLANUEVA GALIANO,                    **Civil Action No.:**

               Plaintiff,

   -against-

420 EAST 59TH REST. LLC d/b/a MORSO
RESTAURANT BAR CAFE and
GIUSEPPE LUONGO a/k/a PINO
LUONGO,

               Defendants.
----------------------------------------------------------X

## <u>COMPLAINT</u>

Plaintiff, OSCAR ARMANDO VILLANUEVA GALIANO ("Plaintiff"), as and for his

Complaint against Defendants, 420 EAST 59TH REST. LLC d/b/a MORSO RESTAURANT BAR

CAFE ("Morso") and GIUSEPPE LUONGO a/k/a PINO LUONGO ("Luongo") (collectively,

"Defendants"), respectfully alleges as follows:

### <u>JURISDICTION AND VENUE</u>

1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142,

of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other

relief related to his employment with Defendants.

2.     Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA,

29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult male currently residing in the State of New York.

6.      Plaintiff is a former employee of Defendants.

7.      Upon information and belief, Defendant Morso is a domestic business limited liability company duly organized and existing under the laws of the State of New York.

8.      Upon information and belief, Defendant Morso maintains a principal place of business located at 420 East 59th Street, New York, New York 10022.

9.      Upon information and belief, Defendant Morso owns and operates the Morso Restaurant Bar Cafe located at 420 East 59th Street, New York, New York 10022.

10.     Upon information and belief, at all relevant times, Defendant Morso maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

11.     Upon information and belief, Defendant Luongo is a resident of the State of New York.

12.     Upon information and belief, Defendant Luongo is the Chief Executive Officer of Defendant Morso.

13.     Upon information and belief, Defendant Luongo is the Executive Chef of the Morso Restaurant Bar Cafe.

2

14.     Upon information and belief, at all relevant times, Defendant Luongo was and continues to be an owner, officer, director, member, and/or managing agent of Defendant Morso.

15.     Upon information and belief, at all relevant times, Defendant Luongo exercised operational control over Defendant Morso, controlled significant business functions of Defendant Morso, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Morso in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

16.     Upon information and belief, at all relevant times, Defendant Luongo participated in running the daily operations of Defendant Morso and its restaurant.

17.     Upon information and belief, at all relevant times, Defendant Luongo participated in the management and supervision of Plaintiff and his work for Defendant Morso.

18.     As such, Defendant Morso and Luongo are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

## FACTS

19.     Plaintiff was employed as a kitchen assistant and dishwasher for the benefit of and at the direction of Defendants from on or about August 26, 2019 until on or about December 21, 2020.

20.     During his employment, Plaintiff's duties included washing dishes, cleaning the kitchen, and preparing vegetables.

21.     Throughout Plaintiff's employment, Defendants required him to punch in and out of his daily shifts.

22.     Upon information and belief, Defendants maintained records reflecting the actual time that Plaintiff worked each day and each week.

23.     During his employment, Plaintiff's weekly scheduled varied on a day-to-day and week-to-week basis. He typically worked either four (4) or five (5) days per week, from about eight (8) to ten (10) hours per shift, and sometimes as much as fourteen (14) or fifteen (15) hours per shift. Plaintiff routinely worked in excess of forty (40) hours a week throughout his employment.

24.     Plaintiff did not receive and was not given uninterrupted meal breaks during all of his shifts.

25.     During his employment, Defendants paid Plaintiff an hourly rate of pay.

26.     However, until pay period ending March 1, 2020, Defendants only paid him for the first forty (40) hours that he worked each week.

27.     After March 1, 2020, Defendants occasionally paid Plaintiff for some, but not all, of the hours that he worked in excess of forty (40) hours a week.

28.     For example, during week ending September 15, 2019, Plaintiff worked for 41.47 hours but was only paid for 39 hours.

29.     During week ending September 29, 2019, Plaintiff worked for 47.67 hours but was only paid for 40 hours.

30.     During week ending October 6, 2019, Plaintiff worked for 50.83 hours but was only paid for 40 hours.

31.     During weeks ending October 13, 2019, October 20, 2019, October 27, 2019, and November 3, 2019, Plaintiff was only paid for 40 hours each week but he worked 50.73, 51.03, 53.10, and 55.90 hours per week, respectively.

32.     During weeks ending March 1, 2020 and March 8, 2020, Plaintiff worked for 43.63 and 43.40 hours, respectively, but was only paid for 41 hours each week.

33.     During weeks ending May 10, 2020, May 17, 2020, and May 24, 2020, Plaintiff worked for 56.15, 54.08, and 70.67 hours, respectively, but was only paid for 40 hours each week.

34.     During week ending June 7, 2020, Plaintiff was paid for 30 hours but actually worked 88.82 hours.

35.     During week ending November 8, 2020, Plaintiff worked 46.37 hours but was only paid for 44 hours.

36.     During week ending December 6, 2020, Plaintiff worked 45.68 hours but was only paid for 40 hours.

37.     Plaintiff's time records and payroll records, which are in Defendants' possession, will demonstrate that Plaintiff also worked overtime hours for which he was not properly paid during the remaining weeks throughout his employment.

38.     During his employment, Defendants did not pay Plaintiff one-and-one-half times his regular rate of pay for all of the hours that he worked in excess of forty (40) each week.

39.     During his employment, Defendants did not pay Plaintiff overtime compensation for all of the hours that he worked in excess of forty (40) each week.

40.     During his employment, Defendants did not pay Plaintiff the full amount of the regular wages to which he was entitled.

41.     During Plaintiff's employment, Defendants did not pay Plaintiff spread of hours compensation for any day that Plaintiff worked a spread of hours in excess of ten (10) hours per day.

42.     During his employment, Defendants failed to provide Plaintiff with a Notice and Acknowledgement of Pay Rate and Payday, or any other type of NYLL compliant wage notice, at the time of his hiring or thereafter, as required by NYLL § 195(1).

43.     During his employment, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

44.     Defendant Luongo participated in the decision to hire Plaintiff.

45.     Defendant Luongo participated in the decision to fire Plaintiff.

46.     Defendant Luongo participated in deciding the job duties that Plaintiff performed.

47.     Defendant Luongo participated in the supervision of Plaintiff's job duties and responsibilities.

48.     Defendant Luongo participated in setting Plaintiff's work schedule.

49.     Defendant Luongo participated in deciding the hours that Plaintiff worked.

50.     Defendant Luongo participated in deciding the manner in which Plaintiff was paid.

51.     Defendant Luongo participated in deciding the compensation Plaintiff was paid.

52.     Defendant Luongo participated in running the day-to-day operations of Defendant Morso during Plaintiff's employment.

53.     Defendants managed Plaintiff's employment, including the amount of time worked and the rates he was paid.

54.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

55.     Defendants were aware of Plaintiff's work hours and rates of pay but failed to pay him the proper wages to which he was entitled under the law.

56.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

57.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.    The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

59.    Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Morso is an enterprise engaged in commerce or in the production of goods for commerce.

60.    At all times relevant to this Complaint, Defendant Morso had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a kitchen assistant and dishwasher and handled goods and food items that originated outside of the State of New York.

61.    Upon information and belief, the gross annual volume of sales made or business done by Defendant Morso for the years 2019 and 2020 was not less than $500,000.00.

62.    At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

63.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

64. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

65. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during the relevant periods of his employment.

67. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

68. Defendants did not act in good faith with respect to the conduct alleged herein.

69. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

70. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

71. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

72. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

73. At all times relevant to this Action, Defendant Morso was a restaurant as defined by the regulations pertaining to the NYLL.

74.     At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

75.     At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

76.     At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

77.     The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

78.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

79.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

80.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

81.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of his employment, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

82.     Defendant acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

9

83.     Defendants did not act in good faith with respect to the conduct alleged herein.

84.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

85.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86.     During Plaintiff's employment, Defendants suffered and permitted Plaintiff to work numerous hours without paying him the wages to which he was and is entitled.

87.     Defendants' failure to pay Plaintiff the wages that he earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

88.     Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether its conduct violated the NYLL.

89.     Defendants have not acted in good faith with respect to the conduct alleged herein.

90.     As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

91.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

92.     In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

93.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

94.     As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

95.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

96.     Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

97.     Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

11

98.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT VI**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

99.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

100.    Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

101.    Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

102.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.      Declare and find that Defendants committed one or more of the following

acts:

     1.      Willfully violated provisions of the FLSA by failing to pay
          Plaintiff overtime compensation;

     2.      Willfully violated the provisions of the NYLL by failing to
          pay Plaintiff overtime compensation, regular wages, and
          spread of hours pay;

     3.      Willfully violated the provisions of the NYLL by failing to
          provide Plaintiff with wage notices and wage statements;

B.      Award compensatory damages, including all wages owed, in an amount

according to proof;

C.      Award liquidated damages under the NYLL, or alternatively the FLSA;

D.      Award statutory damages under the NYLL;

E.      Award interest on all NYLL wages due accruing from the date such

amounts were due;

F.      Award all costs and attorneys' fees incurred in prosecuting this action; and

G.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       September 2, 2021

Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com

13