```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
OSCAR ARMANDO VILLANUEVA GALIANO,                                  :
                                                                   :
                              Plaintiff,                           :
                                                                   :           21-cv-7379 (LJL)
              -v-                                                  :
                                                                   :               ORDER
420 EAST 59TH REST. LLC and GIUSEPPE LUONGO,                       :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/22/2022

LEWIS J. LIMAN, United States District Judge:

The parties in this matter have reached a settlement in principle. *See* Dkt. Nos. 13-15. The case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Under current Second Circuit law, any settlement—including any proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, it is hereby ORDERED that, the parties are directed to appear telephonically for a settlement approval hearing on **March 25, 2022 at 4:00 p.m.** Plaintiff shall appear at the hearing and, if necessary, with an interpreter. The parties are directed to dial (888) 251-2909 and use the access code 2123101.

At the hearing, the parties shall be prepared to explain the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The parties should be prepared to address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement. The parties should also be prepared to address any attorney's fee award to plaintiff's counsel consistent with the principles

set forth in *Fisher*, 948 F.3d at 600.  It is not sufficient to state the proportion of the requested attorney's fee to the overall settlement amount.  Rather, the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs," which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee).  Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

   All other conferences and deadlines are CANCELLED.

The Clerk of Court is respectfully directed to close Dkt. No. 15.

SO ORDERED.

Dated: March 22, 2022
       New York, New York

                           LEWIS J. LIMAN
                     United States District Judge